D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)
*Attorneys for Named Plaintiff proposed FLSA Collective Plaintiff, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

**OCTAVIO QUINONES, on behalf of himself and others similarly situated,**

         **Plaintiff,**

         v.

**PASTA RESOURCES INC., BABBO LLC d/b/a BABBO RISTORANTE ENOTECA, MARIO BATALI, and JOSEPH BASTIANICH**

         **Defendants.**

-------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

    1.    Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

    2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. All Defendants are hereinafter collectively referred to as "Defendants."

5. Defendant Babbo LLC is a New York limited liability corporation with its principal office located at 110 Waverly Place, New York, NY 10011.

6. Upon information and belief, Babbo LLC has an annual gross volume of sales in excess of $500,000.

7. Defendants Batali and Bastianich are owners of Babbo LLC.

8. Babbo LLC is a covered employer within the meaning of the FLSA and NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

9. Defendants Mario Batali and Joseph Bastianich are managing owners of Babbo LLC, and as such have ultimate authority over employees' rates of pay, schedules, hiring and firing, and maintenance of employment records.

10. Plaintiff Octavio Quinones worked at Babbo as a busser from early 2016 until October 2017.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all front-of-the-house tipped employees, including captains, servers assistants, bartenders, bussers, runners and servers, employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiff").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiff are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the wrong overtime rate. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiff.

13. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiff are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiff via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff bring the state law Claims for Relief (Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all front-of-house tipped employees, including captains, servers assistants, bartenders, bussers, runners and servers employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants'

3

records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

16. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

17. Plaintiff' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree

of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiff and the Class members for their work.

c) Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

d) Whether Defendants properly compensated Plaintiff and Class members for overtime.

g) Whether Defendants provided Plaintiff and Class members with the proper notices.

## FACTS

### Wage and Hour Claims

22. Plaintiff's Consent to Sue form is attached as Exhibit A.

23. Defendants committed the following alleged acts knowingly, intentionally and willfully.

24. Defendants' paid Plaintiff an hourly wage that was lower than the NY minimum wage.

25. For example, in 2017, Defendants paid Plaintiff $7.50 per hour, when the NY minimum wage was $11.00 for employees such as Plaintiff.

26.     Defendants were not entitled to pay Plaintiff under the lower minimum wage applicable to foodservice workers, because they did not notify him at the beginning of 2017 that (a) proper full minimum wage was $11.00, and/or (b) that they intended to take a $3.50 tip credit.

27.     In addition, Defendants were not entitled to pay Plaintiff the tip credit minimum wage for the many shifts during which Plaintiff spent more than 20% of his time performing non-tipped side-work.

28.     For example, Plaintiff was often required to work lunch-only shifts. During these shifts, Plaintiff arrived at 10:00 a.m. and worked until 3:00 p.m. The doors of the restaurant did not open until 11:30 a.m. Plaintiff spent a full one and a half hours on these days performing side-work, such as making sure tables were properly set up, cleaning the floors and folding napkins.

29.     Plaintiff on occasion worked in excess of 40 hours per workweek. For example, for the period ending October 16, 2016, Plaintiff worked at least 47.11 hours. Because Plaintiff's correct regular rate should not have included any tip credit, Defendants should have- under both federal and state law, paid Plaintiff 1.5 times the full NY minimum wage for his overtime hours.

30.     Instead, Defendants incorrectly factored in a tip credit to Plaintiff's overtime rate.

31.     Plaintiff's weekly pay statements did not include any information regarding the tip credit, in violation of NYLL § 195(3).

32.     Defendants knew that nonpayment of minimum wage/overtime and improperly forcing and/or the Plaintiff to share their tips with management would economically injure Plaintiff and violated federal and state laws.

33. Defendants committed the foregoing acts against Plaintiff and the FLSA Collective Plaintiff.

## Breach of Contract

34. In or about September of 2017, Plaintiff informed Assistant General Manager Solomon Barkat that he needed to take a weekend off from October 20-22, because his brother was getting married in Maryland that weekend.

35. Mr. Barkat assured him that he could take the vacation.

36. The week of October 20, Plaintiff saw that despite Defendants' assurances to the contrary, he was on the schedule for October 20, 2017.

37. Plaintiff reminded Mr. Barkat about his brother's wedding.

38. Mr. Barkat told Plaintiff that if he missed the October 20 shift, he would be terminated from Babbo.

39. Plaintiff of course attended his brother's wedding and missed the October 20, shift.

40. Defendants, in violation of their own representation to the contrary terminated Plaintiff on October 20.

41. Had Defendants not misrepresented to Plaintiff that it was okay for him to miss the October 20 shift, Plaintiff could easily have found another employee to cover that shift for him.

42. As a result of Defendants' false representations, Plaintiff lost his job and his income.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)
### (Brought By Plaintiff on Behalf of Themselves
### and the FLSA Collective Plaintiff)

43.     Plaintiff reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

44.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

45.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one half times the full federal minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff had been entitled to overtime.

46.     Plaintiff, on behalf of themselves the FLSA Collective Plaintiff, seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)
### (Brought By Plaintiff on Behalf of Himself
### and the Class)

47.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

48.     Defendants knowingly failed to pay Plaintiff the full New York State minimum wage.

49. Defendants did not pay Plaintiff the New York minimum wage for all hours worked.

50. Defendants' failure to pay Plaintiff the New York minimum wage was willful.

51. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 146-1.4, 137-1.3)
(Brought By Plaintiff on Behalf of Himself
and the Class)

52. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

53. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

54. Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times the full New York minimum wage for hours worked in excess of forty (40) hours per workweek.

55. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)
(Brought By Plaintiff on Behalf of Himself

and the Class)

56. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

57. Defendants willfully retained and continue to retain portions of Plaintiff' tips and Class members' tips.

58. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)
(Brought By Plaintiff on Behalf of Himself
and the Class)

59. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

60. Defendants did not provide Plaintiff and members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195.

61. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiff and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiff and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiff;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       October 27, 2017

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiff, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.